APPEAL,JURY,TYPE–L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:21–cv–01847–RJL</u>
### *Internal Use Only*

| | |
|---|---|
| FISHMAN v. DISTRICT OF COLUMBIA et al | Date Filed: 07/12/2021 |
| Assigned to: Judge Richard J. Leon | Jury Demand: Plaintiff |
| Demand: $500,000 | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**JARED FISHMAN**                    represented by    **Emily Gerrick**
GERSTEIN HARROW
1001 G Street NW
Suite 400e
Washington, DC 20001
714–875–1189
Email: emily@gerstein–harrow.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Seth Harrow**
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Ste. 800
Los Angeles, CA 90025
323–744–5293
Email: jason@gerstein–harrow.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles Lewis Gerstein**
GERSTEIN HARROW LLP
400 7th Street NW
Suite 304
Washington, DC 20004
202–670–4809
Email: charlie@gerstein–harrow.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DISTRICT OF COLUMBIA**                    represented by    **Amanda Torres**
OFFICE OF THE ATTORNEY
GENERAL FOR THE DISTRICT OF
COLUMBIA
400 6th Street NW
Washington, DC 20001

1

202–807–0368
Email: amanda.torres@dc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martha J. Mullen**
OFFICE OF ATTORNEY GENERAL/DC
Public Interest Division/Civil Enforcement
Section
400 6th Street NW
Washington, DC 20001
(202) 724–6612
Fax: (202) 730–0635
Email: martha.mullen@dc.gov
*TERMINATED: 05/17/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael K. Addo**
OFFICE OF ATTORNEY GENERAL/DC
441 Fourth Street, NW
6th Floor North
Washington, DC 20001
(202) 724–6539
Fax: (202) 715–0585
Email: michael.addo@dc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Egan Bryant**
MASSACHUSETTS OFFICE OF THE
ATTORNEY GENERAL
Civil Litigation Division
One Ashburton Place
18th Floor
Boston, MA 02108
617–963–2275
Email: benjamin.e.bryant@mass.gov
*TERMINATED: 10/11/2022*

**Michelina J. Partipilo**
D.C. OFFICE OF THE ATTORNEY
GENERAL
Civil Litigation Division, Section IV
400 6th St. NW
Washington, DC 20001
202–805–7619
Email: michelina.partipilo@dc.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

represented by

**PATRICK LOFTUS**
*Lietenent, of the Metropolitan Police*
*Department of the District of Columbia,*
*in his individual capacity*

**Amanda Torres**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martha J. Mullen**
(See above for address)
*TERMINATED: 05/17/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael K. Addo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Egan Bryant**
(See above for address)
*TERMINATED: 10/11/2022*

**Michelina J. Partipilo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**MARCK JAEGER**
*Officer, of the Metropolitan Police*
*Department of the District of Columbia,*
*in his individual capacity*

represented by **Amanda Torres**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martha J. Mullen**
(See above for address)
*TERMINATED: 05/17/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael K. Addo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Egan Bryant**
(See above for address)
*TERMINATED: 10/11/2022*

**Michelina J. Partipilo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

represented by

**JOHN DOE, 2**
*Officer, currently unidentified officer of the Metropolitan Police Department of the District of Columbia, in his official capacity*
*TERMINATED: 09/07/2021*

**Amanda Torres**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martha J. Mullen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOE 3**
*Officer, currently unidentified officer of the Metropolitan Police Department of the District of Columbia, in his individual capacity*
*TERMINATED: 09/07/2021*

represented by **Amanda Torres**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martha J. Mullen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOE 4**
*Officer, currently unidentified office of the Metropolitan Police Department of the District of Columbia, in his individual capacity*
*TERMINATED: 09/07/2021*

represented by **Amanda Torres**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martha J. Mullen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JEREMY BRADY**
*Officer*

represented by **Amanda Torres**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martha J. Mullen**
(See above for address)
*TERMINATED: 05/17/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael K. Addo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Egan Bryant**
(See above for address)

*TERMINATED: 10/11/2022*

**Michelina J. Partipilo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL TONG**                    represented by    **Amanda Torres**
*Officer*                                            (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Martha J. Mullen**
                                                     (See above for address)
                                                     *TERMINATED: 05/17/2024*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Michael K. Addo**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Benjamin Egan Bryant**
                                                     (See above for address)
                                                     *TERMINATED: 10/11/2022*

                                                     **Michelina J. Partipilo**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**CHRISTOPHER TODARO**              represented by    **Amanda Torres**
*Officer; All of the Metropolitan Police*            (See above for address)
*Department of the District of Colimbia,*            *LEAD ATTORNEY*
*All In Their Inidividual Capacity*                  *ATTORNEY TO BE NOTICED*

                                                     **Martha J. Mullen**
                                                     (See above for address)
                                                     *TERMINATED: 05/17/2024*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Michael K. Addo**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Benjamin Egan Bryant**
                                                     (See above for address)
                                                     *TERMINATED: 10/11/2022*

5

**Michelina J. Partipilo**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/12/2021 | 1 | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 402 receipt number ADCDC–8591755) filed by JARED FISHMAN. (Attachments: # 1 Civil Cover Sheet, # 2 Summons for the District of Columbia, # 3 Summons for Lt. Patrick Loftus, # 4 Summons for Officer Marck Yeager)(Gerstein, Charles) (Entered: 07/12/2021) |
| 07/12/2021 | | NOTICE OF ERROR re 1 Complaint; emailed to charlie@gerstein–harrow.com, cc'd –1 associated attorneys –– The PDF file you docketed contained errors: 1. Noncompliance with LCvR 5.1(c). Please file an errata correcting the initiating pleading to include the name & full residence address of each party using the event Errata., 2. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (adh, ) (Entered: 07/12/2021) |
| 07/13/2021 | 2 | ERRATA *Adding Individual Defendants' Addresses to Complaint* by JARED FISHMAN. (Gerstein, Charles) (Entered: 07/13/2021) |
| 07/13/2021 | | Case Assigned to Judge Richard J. Leon. (zsb) (Entered: 07/13/2021) |
| 07/13/2021 | 3 | SUMMONS (3) Issued Electronically as to DISTRICT OF COLUMBIA, MARCK JAEGER, PATRICK LOFTUS. (Attachments: # 1 Notice and Consent)(adh, ) (Entered: 07/13/2021) |
| 07/16/2021 | 4 | REQUEST FOR SUMMONS TO ISSUE *for Jeremy Brady, Currently Identified as Doe 2* filed by JARED FISHMAN. (Attachments: # 1 Summons for Michael Tong Currently Identified As Doe 3)(Gerstein, Charles) (Entered: 07/16/2021) |
| 07/20/2021 | 5 | SUMMONS (2) Issued Electronically as to JOHN DOE, 2, JOHN DOE 3. (zjf) (Entered: 07/20/2021) |
| 07/27/2021 | 6 | REQUEST FOR SUMMONS TO ISSUE *as to Christopher Todaro, currently identified in the Complaint as John Doe 4* filed by JARED FISHMAN.(Gerstein, Charles) (Entered: 07/27/2021) |
| 07/27/2021 | 7 | MOTION to Substitute Party by JARED FISHMAN. (Attachments: # 1 Text of Proposed Order)(Gerstein, Charles) (Entered: 07/27/2021) |
| 07/27/2021 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the District of Columbia Attorney General. Date of Service Upon District of Columbia Attorney General 7/27/2021.) ( Answer due for ALL D.C. DEFENDANTS by 8/17/2021 (Gerstein, Charles); Modified text on 8/3/2021 (ztth). (Entered: 07/27/2021) |
| 07/27/2021 | 9 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. PATRICK LOFTUS served on 7/27/2021 (Gerstein, Charles) (Entered: 07/27/2021) |
| 07/28/2021 | 10 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JOHN DOE, 2 served on 7/28/2021 (Gerstein, Charles) (Entered: 07/28/2021) |
| 07/28/2021 | 11 | |

| | | |
|---|---|---|
| | | STANDING ORDER. Signed by Judge Richard J. Leon on 07/28/2021. (lcrjl3) (Entered: 07/28/2021) |
| 08/03/2021 | 12 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. MARCK JAEGER served on 7/31/2021 (Gerstein, Charles) (Entered: 08/03/2021) |
| 08/03/2021 | 13 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JOHN DOE 3 served on 7/29/2021 (Gerstein, Charles) (Entered: 08/03/2021) |
| 08/05/2021 | 14 | SUMMONS (1) Issued Electronically as to JOHN DOE 4. (zjf) (Entered: 08/05/2021) |
| 08/05/2021 | 15 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JOHN DOE 4 served on 8/5/2021 (Gerstein, Charles) (Entered: 08/05/2021) |
| 08/11/2021 | | MINUTE ORDER. Plaintiff's 7 Motion to Substitute Parties asks this Court to substitute three named police officers in the place of "John Doe Defendants." Plaintiff does not cite a Federal Rule of Civil Procedure or other authority as the basis for request, in violation of the Local Rules. See LCvR 7(a) ("Each motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion[.]"). The proper route for such relief appears to be a motion to amend the complaint under Federal Rule of Civil Procedure 15(a). See 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1474 (3d ed. April 2021 update) ("[A] party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action."); accord Davis v. United States, 196 F. Supp. 3d 106, 122 (D.D.C. 2016). However, such motions must include, "as an exhibit, a copy of the proposed pleading as amended." LCvR 15.1. Plaintiff's motion does not include such an exhibit. In light of the foregoing, it is hereby ORDERED that plaintiff's 7 Motion to Substitute Parties is DENIED without prejudice. SO ORDERED. Signed by Judge Richard J. Leon on 08/11/2021. (lcrjl3) (Entered: 08/11/2021) |
| 08/18/2021 | 16 | Consent MOTION for Extension of Time to File Answer re 1 Complaint, by DISTRICT OF COLUMBIA, PATRICK LOFTUS. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Bryant, Benjamin) (Entered: 08/18/2021) |
| 08/23/2021 | 17 | MOTION to Dismiss by DISTRICT OF COLUMBIA, MARCK JAEGER, PATRICK LOFTUS. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Bryant, Benjamin) (Entered: 08/23/2021) |
| 08/25/2021 | | MINUTE ORDER. Upon consideration of defendants the District of Columbia and Patrick Loftus's 16 Consent Motion to Extend Time to Respond to the Complaint, it is hereby ORDERED that the motion is GRANTED nunc pro tunc. SO ORDERED. Signed by Judge Richard J. Leon on 08/25/2021. (lcrjl3) (Entered: 08/25/2021) |
| 09/07/2021 | 18 | AMENDED COMPLAINT against All Defendants with Jury Demand filed by JARED FISHMAN.(Gerstein, Charles) (Entered: 09/07/2021) |
| 09/14/2021 | 19 | NOTICE of Appearance by Jason Seth Harrow on behalf of JARED FISHMAN (Harrow, Jason) (Entered: 09/14/2021) |
| 09/20/2021 | 20 | REQUEST FOR SUMMONS TO ISSUE filed by JARED FISHMAN. (Attachments: # 1 Summons, # 2 Summons)(Gerstein, Charles) (Entered: 09/20/2021) |
| 09/20/2021 | 21 | SUMMONS (3) Issued Electronically as to JEREMY BRADY, CHRISTOPHER TODARO, MICHAEL TONG. (zjf) (Entered: 09/20/2021) |
| 09/21/2021 | 22 | |

| | | MOTION to Dismiss *Plaintiff's Amended Complaint 18* by JEREMY BRADY, DISTRICT OF COLUMBIA, MARCK JAEGER, PATRICK LOFTUS, CHRISTOPHER TODARO, MICHAEL TONG. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Bryant, Benjamin) (Entered: 09/21/2021) |
|---|---|---|
| 10/05/2021 | 23 | Memorandum in opposition to re 22 MOTION to Dismiss *Plaintiff's Amended Complaint 18* filed by JARED FISHMAN. (Attachments: # 1 Exhibit A)(Gerstein, Charles) (Entered: 10/05/2021) |
| 10/07/2021 | 24 | Consent MOTION for Extension of Time to File Response/Reply as to 22 MOTION to Dismiss *Plaintiff's Amended Complaint 18 to October 22, 2021* by JEREMY BRADY, DISTRICT OF COLUMBIA, MARCK JAEGER, PATRICK LOFTUS, CHRISTOPHER TODARO, MICHAEL TONG. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Bryant, Benjamin) (Entered: 10/07/2021) |
| 10/07/2021 | | MINUTE ORDER. Upon consideration of defendants' 24 Consent Motion to Extend Defendants' Deadline to File a Reply Brief In Support of Their Pending Motion to Dismiss, it is hereby ORDERED that the motion is GRANTED. Defendants shall file their reply brief on or before 10/22/2021. SO ORDERED. Signed by Judge Richard J. Leon on 10/07/2021. (lcrjl3) (Entered: 10/07/2021) |
| 10/22/2021 | 25 | REPLY to opposition to motion re 22 MOTION to Dismiss *Plaintiff's Amended Complaint 18* filed by JEREMY BRADY, DISTRICT OF COLUMBIA, MARCK JAEGER, PATRICK LOFTUS, CHRISTOPHER TODARO, MICHAEL TONG. (Attachments: # 1 Appendix Attachments A to C)(Bryant, Benjamin) (Entered: 10/22/2021) |
| 10/27/2021 | 26 | MEET AND CONFER STATEMENT. (Bryant, Benjamin) (Entered: 10/27/2021) |
| 02/22/2022 | | MINUTE ORDER. Upon consideration of plaintiff's 18 Amended Complaint, it is hereby ORDERED that defendants' 17 Motion to Dismiss the now–inoperative complaint is DENIED AS MOOT. SO ORDERED. Signed by Judge Richard J. Leon on 02/22/2022. (lcrjl3) (Entered: 02/22/2022) |
| 10/11/2022 | 27 | NOTICE OF SUBSTITUTION OF COUNSEL by Michael K. Addo on behalf of JEREMY BRADY, DISTRICT OF COLUMBIA, MARCK JAEGER, PATRICK LOFTUS, CHRISTOPHER TODARO, MICHAEL TONG Substituting for attorney Benjamin Bryant (Addo, Michael) (Entered: 10/11/2022) |
| 02/01/2023 | 28 | ENTERED IN ERROR.....NOTICE *of Pendency of Motion to Dismiss and Request for Rule 16 Conference* by JARED FISHMAN re 22 Motion to Dismiss, (Gerstein, Charles) Modified on 2/1/2023 (znmw). (Entered: 02/01/2023) |
| 02/01/2023 | | NOTICE OF ERROR regarding 28 Notice (Other). The following error(s) need correction: Incorrect format (Letter)– correspondence is not permitted (LCvR 5.1(a)). Please refile. (znmw) (Entered: 02/01/2023) |
| 02/01/2023 | 29 | NOTICE *of Pendency of Motion and Request for Rule 16 Conference* by JARED FISHMAN re 22 Motion to Dismiss, (Gerstein, Charles) (Entered: 02/01/2023) |
| 02/01/2023 | 30 | MOTION for Hearing *Rule 16 Conference* by JARED FISHMAN. (See Docket Entry 29 to view document). (znmw) Modified on 4/21/2023 (zsmc). (Entered: 02/02/2023) |
| 02/02/2023 | 31 | MEMORANDUM OPINION. See attached OPINION for details. Signed by Judge Richard J. Leon on 2/2/2023. (lcrjl3) (Entered: 02/02/2023) |

| 02/02/2023 | 32 | ORDER granting in part and denying in part defendants' 22 Motion to Dismiss. See attached ORDER for details. Signed by Judge Richard J. Leon on 2/2/2023. (lcrjl3) (Entered: 02/02/2023) |
| 02/03/2023 | | MINUTE ORDER. Upon consideration of the parties' 26 Joint Meet and Confer Report and plaintiff's 29 Notice of Pendency of Motion and Request for Rule 16 Conference, the parties are hereby ORDERED to submit a proposed scheduling order within 14 days. SO ORDERED. Signed by Judge Richard J. Leon on 2/3/2023. (lcrjl3) (Entered: 02/03/2023) |
| 02/06/2023 | 33 | NOTICE of Appearance by Martha J. Mullen on behalf of All Defendants (Mullen, Martha) (Entered: 02/06/2023) |
| 02/07/2023 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 33 NOTICE of Appearance by Martha J. Mullen on behalf of All Defendants (Mullen, Martha). <br><br> Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal. <br><br> Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 2/14/2023. (znmw) Modified on 2/10/2023 (znmw). (Entered: 02/07/2023) |
| 02/09/2023 | 34 | NOTICE OF SUBSTITUTION OF COUNSEL by Martha J. Mullen on behalf of All Defendants Substituting for attorney Michael K. Addo (Mullen, Martha) (Entered: 02/09/2023) |
| 02/09/2023 | 35 | NOTICE of Proposed Order *Scheduling Order* by JARED FISHMAN re Order, (Gerstein, Charles) (Entered: 02/09/2023) |
| 03/07/2023 | | MINUTE ORDER. Upon consideration of 35 Proposed Scheduling Order, it is hereby ORDERED that the parties shall adhere to the following schedule: Deadline to Amend the Pleadings & Join Additional Parties – March 17, 2023; Deadline to Exchange Initial Disclosures – March 24, 2023; Plaintiff's Rule 26(a)(2) Expert Disclosures – May 1, 2023; Defendant's Rule 26(a)(2) Expert Disclosures – June 1, 2023; Close of Discovery – June 30, 2023; Dispositive Motion Filing Deadline – July 17, 2023; Opposition to Dispositive Motion Filing Deadline – July 31, 2023; Reply In Support of Dispositive Motion Filing Deadline – September 7, 2023. The Court shall schedule a Pretrial Conference at a later date. SO ORDERED. Signed by Judge Richard J. Leon on 3/7/2023. (lcrjl3) (Entered: 03/07/2023) |
| 03/07/2023 | | Set/Reset Deadlines: Deadline to Amend the Pleadings & Join Additional Parties – March 17, 2023; Deadline to Exchange Initial Disclosures – March 24, 2023; Plaintiff's Rule 26(a)(2) Expert Disclosures – May 1, 2023; Defendant's Rule 26(a)(2) Expert Disclosures – June 1, 2023; Close of Discovery – June 30, 2023; Dispositive Motion Filing Deadline – July 17, 2023; Opposition to Dispositive Motion Filing Deadline – July 31, 2023; Reply In Support of Dispositive Motion Filing Deadline – September 7, 2023. (smc) (Entered: 03/08/2023) |
| 04/11/2023 | 36 | |

| | | |
|---|---|---|
| | | Consent MOTION for Extension of Time to File Answer by JEREMY BRADY, DISTRICT OF COLUMBIA, JOHN DOE, 2, JOHN DOE 3, JOHN DOE 4, MARCK JAEGER, PATRICK LOFTUS, CHRISTOPHER TODARO. (Mullen, Martha) (Entered: 04/11/2023) |
| 04/13/2023 | 37 | Joint MOTION for Extension of Time to Complete Discovery by JARED FISHMAN. (Attachments: # 1 Text of Proposed Order)(Gerstein, Charles) (Entered: 04/13/2023) |
| 04/14/2023 | | MINUTE ORDER. Upon consideration of 36 Defendants' Consent Motion to Late File Their Answer to the First Amended Complaint, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that defendants shall file their answer on or before 4/14/2023. SO ORDERED. Signed by Judge Richard J. Leon on 4/14/2023. (lcrjl3) (Entered: 04/14/2023) |
| 04/14/2023 | | Set/Reset Deadlines: Answer due by 4/14/2023 (zjch, ) (Entered: 04/14/2023) |
| 04/14/2023 | | MINUTE ORDER. Upon consideration of the parties' 37 Joint Motion to Modify Scheduling Order, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that the parties shall adhere to the following schedule: Plaintiff's Rule 26(a)(2) Expert Disclosures – May 22, 2023; Defendants' Rule 26(a)(2) Expert Disclosures – September 12, 2023; Close of Discovery – September 30, 2023; Post–Discovery Status Conference – October 16, 2023; Dispositive Motion Filing Deadline – October 21, 2023; Opposition to Dispositive Motion Filing Deadline – October 31, 2023; Reply in Support of Dispositive Motion Filing Deadline – November 12, 2023. The Court shall schedule a Pretrial Conference at a later date. SO ORDERED. Signed by Judge Richard J. Leon on 4/14/2023. (lcrjl3) Modified close of discovery deadline on 4/14/2023 (zjd). (Entered: 04/14/2023) |
| 04/14/2023 | 38 | *Defendants'* ANSWER to 18 Amended Complaint by JEREMY BRADY, DISTRICT OF COLUMBIA, JOHN DOE, 2, JOHN DOE 3, JOHN DOE 4, MARCK JAEGER, PATRICK LOFTUS.(Mullen, Martha) (Entered: 04/14/2023) |
| 04/14/2023 | | Set/Reset Deadlines/Hearings: Plaintiff's Rule 26(a)(2) due by 5/22/2023. Defendants' Rule 26(a)(2) due by 9/12/2023. Discovery shall conclude on 9/30/2023. Dispositive Motions due by 10/21/2023. Oppositions to Dispositive Motions due by 10/31/2023. Replies in Support of Dispositive Motions due by 11/12/2023. (zjd) (Entered: 04/14/2023) |
| 05/26/2023 | 39 | NOTICE of Appearance by Emily Gerrick on behalf of JARED FISHMAN (Gerrick, Emily) (Entered: 05/26/2023) |
| 06/01/2023 | 40 | NOTICE of Appearance by Amanda Torres on behalf of All Defendants (Torres, Amanda) (Entered: 06/01/2023) |
| 06/28/2023 | 41 | Consent MOTION for Protective Order by JEREMY BRADY, DISTRICT OF COLUMBIA, JOHN DOE, 2, JOHN DOE 3, JOHN DOE 4, MARCK JAEGER, PATRICK LOFTUS. (Mullen, Martha) (Entered: 06/28/2023) |
| 07/10/2023 | 42 | ORDER. Upon consideration of defendants' 41 Consent Motion for Protective Order, it is hereby ORDERED that the motion is GRANTED. See attached Protective Order for details. Signed by Judge Richard J. Leon on 7/7/2023. (lcrjl3) (Entered: 07/10/2023) |
| 08/02/2023 | 43 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Samuel Rosen, Filing fee $ 100, receipt number ADCDC–10250383. Fee Status: Fee Paid. by JARED FISHMAN. (Attachments: # 1 Declaration)(Gerstein, Charles) (Attachment 1 replaced |

| | | |
|---|---|---|
| | | on 8/3/2023) (znmw). (Entered: 08/02/2023) |
| 08/09/2023 | | MINUTE ORDER. Upon consideration of 43 Motion for the Admission of Samuel Rosen to Practice Pro Hac Vice, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that attorney Samuel Rosen be, and hereby is, admitted pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Richard J. Leon on 8/9/2023. (lcrjl3) (Entered: 08/09/2023) |
| 09/19/2023 | | MINUTE ORDER. It is hereby ORDERED that the post–discovery status conference currently scheduled for October 16, 2023, is VACATED and continued until October 19, 2023, at 4:00 PM in Courtroom 18 (in person) before Judge Richard J. Leon. It is further ORDERED that the parties shall submit a joint status report one week in advance of the post–discovery status conference advising the Court on what the parties intend to discuss at the conference. Signed by Judge Richard J. Leon on 9/19/2023. (lcrjl3) (Entered: 09/19/2023) |
| 09/20/2023 | | Set/Reset Hearings: Post–Discovery Status Conference set for 10/19/2023 at 4:00 PM in Courtroom 18 (In Person) before Judge Richard J. Leon. (smc) (Entered: 09/20/2023) |
| 09/29/2023 | 44 | MOTION for Extension of Time to Complete Discovery by JEREMY BRADY, DISTRICT OF COLUMBIA, JOHN DOE, 2, JOHN DOE 3, JOHN DOE 4, MARCK JAEGER, PATRICK LOFTUS, CHRISTOPHER TODARO, MICHAEL TONG. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(Torres, Amanda) (Entered: 09/29/2023) |
| 10/02/2023 | | NOTICE OF ERROR re 44 Motion for Extension of Time to Complete Discovery; emailed to amanda.torres@dc.gov, cc'd 8 associated attorneys –– The PDF file you docketed contained errors: 1. **Please note the following for future filings; do not refile document**, 2. Future filings may be ENTERED IN ERROR, 3. Invalid attorney signature; signature on document must match PACER log in. (znmw, ) (Entered: 10/02/2023) |
| 10/02/2023 | 45 | Memorandum in opposition to re 44 Motion for Extension of Time to Complete Discovery, filed by JARED FISHMAN. (Attachments: # 1 Declaration of Jason Harrow with Exhibit, # 2 Text of Proposed Order)(Harrow, Jason) (Entered: 10/02/2023) |
| 10/03/2023 | | MINUTE ORDER. Upon consideration of 44 Defendants' Opposed Motion to Modify the Scheduling Order, 45 Plaintiff's Opposition to Defendants' Opposed Motion to Modify the Scheduling Order, and the entire record herein, it is hereby ORDERED that defendants' motion is GRANTED IN PART and DENIED IN PART, nunc pro tunc. The Court finds good cause the extend the deadlines for discovery and dispositive motions briefing to allow additional time for plaintiff's deposition and to facilitate settlement discussions. However, the Court declines to adopt the deadlines proposed by defendants. It is instead ORDERED that the parties shall adhere to the following amended schedule: Close of Discovery – October 30, 2023; Dispositive Motions – November 20, 2023; Oppositions to Dispositive Motions – December 1, 2023; Replies in Support of Dispositive Motions – December 12, 2023. It is further ORDERED that the post–discovery status conference currently set for October 19, 2023, is VACATED and will be rescheduled by the Court at a later date. SO ORDERED. Signed by Judge Richard J. Leon on 10/3/2023. (lcrjl3) (Entered: 10/03/2023) |

| 10/30/2023 | | MINUTE ORDER. It is hereby ORDERED that the post–discovery status conference previously scheduled for October 19, 2023, is rescheduled for November 16, 2023, at 3:30 PM in Courtroom 18 (in person) before Judge Richard J. Leon. It is further ORDERED that the parties shall submit a joint status report one week in advance of the post–discovery status conference advising the Court on what the parties intend to discuss at the conference. SO ORDERED. Signed by Judge Richard J. Leon on 10/30/2023. (lcrjl3) (Entered: 10/30/2023) |
| --- | --- | --- |
| 10/31/2023 | | Set/Reset Hearings: Post–Discovery Status Conference set for 11/16/2023 at 3:30 PM in Courtroom 18– In Person before Judge Richard J. Leon. (smc) (Entered: 10/31/2023) |
| 11/13/2023 | 46 | Joint STATUS REPORT by JARED FISHMAN. (Gerrick, Emily) (Entered: 11/13/2023) |
| 11/15/2023 | | MINUTE ORDER. Upon consideration of the parties' 46 Joint Status Report, it is hereby ORDERED that the post–discovery status conference currently scheduled for November 16, 2023, at 3:30 PM is VACATED and continued without date. If defendants seek additional time to file their dispositive motions beyond the current November 20, 2023 deadline, defendants may file a motion to that effect, to include the reasons why a further extension is warranted. The Court will schedule a trial date and pretrial conference at a later date. SO ORDERED. Signed by Judge Richard J. Leon on 11/15/2023. (lcrjl3) (Entered: 11/15/2023) |
| 11/20/2023 | 47 | MOTION for Partial Summary Judgment by JARED FISHMAN. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Text of Proposed Order, # 4 Exhibit A (Notice of Video), # 5 Exhibit B (Todaro Transcript))(Harrow, Jason) (Entered: 11/20/2023) |
| 11/27/2023 | 48 | MOTION for Extension of Time to File *Opposition to Plaintiff's Motion for Summary Judgment and Defendants' Motion for Summary Judgment* by JEREMY BRADY, DISTRICT OF COLUMBIA, JOHN DOE, 2, JOHN DOE 3, JOHN DOE 4, MARCK JAEGER, PATRICK LOFTUS, CHRISTOPHER TODARO, MICHAEL TONG. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Torres, Amanda) (Entered: 11/27/2023) |
| 11/27/2023 | 49 | RESPONSE re 48 MOTION for Extension of Time to File *Opposition to Plaintiff's Motion for Summary Judgment and Defendants' Motion for Summary Judgment* filed by JARED FISHMAN. (Harrow, Jason) (Entered: 11/27/2023) |
| 11/28/2023 | | MINUTE ORDER. Upon consideration of 48 Defendants' Opposed Motion to Modify the Scheduling Order, plaintiff's 49 Memorandum of Points and Authorities in Partial Opposition to Defendants' Motion to Modify the Scheduling Order, and the entire record herein, it is hereby ORDERED that defendants' motion is GRANTED IN PART and DENIED IN PART, nunc pro tunc. The parties shall adhere to the following briefing schedule: Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment – December 13, 2023; Plaintiff's Reply in Support of Partial Summary Judgment – December 27, 2023; Defendants' Motion for Summary Judgment – December 27, 2023; Plaintiff's Opposition to Defendants' Motion for Summary Judgment – January 19, 2024; Defendants' Reply in Support of Summary Judgment – February 2, 2024. Should the parties agree to a different briefing schedule, they are welcome to file a motion with their joint proposal. SO ORDERED. Signed by Judge Richard J. Leon on 11/28/2023. (lcrjl3) (Entered: 11/28/2023) |
| 12/13/2023 | 50 | |

| | | Memorandum in opposition to re 47 Motion for Partial Summary Judgment, filed by CHRISTOPHER TODARO. (Attachments: # 1 Statement of Facts, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Text of Proposed Order)(Torres, Amanda) (Entered: 12/13/2023) |
|---|---|---|
| 12/14/2023 | 51 | MOTION for Extension of Time to File *Motion for Summary Judgment* by JEREMY BRADY, DISTRICT OF COLUMBIA, MARCK JAEGER, PATRICK LOFTUS, CHRISTOPHER TODARO, MICHAEL TONG. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Torres, Amanda) (Entered: 12/14/2023) |
| 12/15/2023 | 52 | RESPONSE re 51 MOTION for Extension of Time to File *Motion for Summary Judgment* filed by JARED FISHMAN. (Gerstein, Charles) (Entered: 12/15/2023) |
| 12/21/2023 | | MINUTE ORDER. Upon consideration of 51 Defendants' Opposed Motion to Modify the Scheduling Order, plaintiff's 52 Memorandum of Points and Authorities in Opposition to Defendants' (Latest) Motion to Modify the Scheduling Order, and the entire record herein, it is hereby ORDERED that the motion is GRANTED. The parties shall adhere to the following amended schedule: Plaintiff's Reply in Support of Partial Summary Judgment – January 10, 2024; Defendants' Motion for Summary Judgment – January 10, 2024; Plaintiff's Opposition to Defendants' Motion for Summary Judgment – February 2, 2024; Defendants' Reply in Support of Summary Judgment – February 16, 2024. Defendants are advised that absent truly extraordinary circumstances, this is the last opposed request for an extension of the summary judgment briefing deadlines that will be granted by this Court. SO ORDERED. Signed by Judge Richard J. Leon on 12/21/2023. (lcrjl3) (Entered: 12/21/2023) |
| 01/10/2024 | 53 | REPLY to opposition to motion re 47 MOTION for Partial Summary Judgment *Plaintiff's Reply in Support of Summary Judgment* filed by JARED FISHMAN. (Gerrick, Emily) (Entered: 01/10/2024) |
| 01/10/2024 | 54 | MOTION for Summary Judgment *on behalf of Defendants* by JEREMY BRADY, DISTRICT OF COLUMBIA, MARCK JAEGER, PATRICK LOFTUS, CHRISTOPHER TODARO, MICHAEL TONG. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit)(Torres, Amanda) (Entered: 01/10/2024) |
| 02/02/2024 | 55 | Memorandum in opposition to re 54 Motion for Summary Judgment, filed by JARED FISHMAN. (Attachments: # 1 Statement of Facts Plaintiffs Response To Defendants Statement Of Undisputed Material Facts In Support Of Defendants Opposed Motion For Summary Judgment, # 2 Exhibit Plaintiff's Exhibit A)(Gerrick, Emily) (Entered: 02/02/2024) |
| 02/16/2024 | 56 | REPLY to opposition to motion re 54 MOTION for Summary Judgment *on behalf of Defendants* filed by JEREMY BRADY, DISTRICT OF COLUMBIA, JOHN DOE, 2, JOHN DOE 3, JOHN DOE 4, MARCK JAEGER, PATRICK LOFTUS. (Mullen, Martha) (Entered: 02/16/2024) |
| 02/20/2024 | 57 | NOTICE of Appearance by Michelina J. Partipilo on behalf of All Defendants (Partipilo, Michelina) (Entered: 02/20/2024) |
| 05/17/2024 | 58 | NOTICE OF WITHDRAWAL OF APPEARANCE as to JEREMY BRADY, DISTRICT OF COLUMBIA, MARCK JAEGER, PATRICK LOFTUS, CHRISTOPHER TODARO, MICHAEL TONG. Attorney Martha J. Mullen terminated. (Mullen, Martha) (Entered: 05/17/2024) |

13

| 03/13/2025 | 59 | MEMORANDUM AND OPINION GRANTING 47 plaintiff's motion for partial summary judgment and DENYING 54 defendants' motion for summary judgment. See attached memorandum opinion for details. Signed by Judge Richard J. Leon on 03/12/2025. (lcrjl3) (Entered: 03/13/2025) |
| --- | --- | --- |
| 03/13/2025 | 60 | ORDER GRANTING 47 plaintiff's motion for partial summary judgment and DENYING 54 defendants' motion for summary judgment. See attached order for details. Signed by Judge Richard J. Leon on 03/12/2025. (lcrjl3) (Entered: 03/13/2025) |
| 04/10/2025 | 61 | NOTICE OF APPEAL TO DC CIRCUIT COURT by JEREMY BRADY, MARCK JAEGER, MICHAEL TONG, PATRICK LOFTUS, CHRISTOPHER TODARO, DISTRICT OF COLUMBIA. Fee Status: No Fee Paid. Parties have been notified. (Partipilo, Michelina) (Entered: 04/10/2025) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JARED FISHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-cv-01847-RJL |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| PATRICK LOFTUS, | ) | |
| MARCK JAEGER, | ) | |
| JEREMY BRADY, | ) | |
| MICHAEL TONG, and | ) | |
| CHRISTOPHER TODARO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF APPEAL**

Please take notice that Defendants the District of Columbia, Lieutenant Patrick Loftus, and Officers Marck Jaeger, Jeremy Brady, Michael Tong, and Christopher Todaro, hereby appeal to the United States Court of Appeals for the District of Columbia Circuit this Court's March 13, 2025 Memorandum Opinion and Order, [ECF Nos. 59 and 60] granting Plaintiff's motion for partial summary judgment and denying Defendants' motion for summary judgment.

Date:   April 10, 2025                    Respectfully submitted,

                                          BRIAN L. SCHWALB
                                          Attorney General for the District of Columbia

                                          CHAD COPELAND
                                          Deputy Attorney General
                                          Civil Litigation Division

                                          */s/ Charles J. Coughlin*
                                          CHARLES J. COUGHLIN [1016993]
                                          Chief, Section IV

*/s/ Michelina Partipilo*
MICHELINA PARTIPILO [90017562]
Assistant Attorney General
400 6th St., NW
Washington, D.C.  20001
(202) 805-7619
michelina.partipilo@dc.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JARED FISHMAN,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 21-1847 (RJL)** |
| | ) | |
| **THE DISTRICT OF COLUMBIA, and** | ) | |
| **LIEUTENANT PATRICK LOFTUS,** | ) | |
| **OFFICER MARCK JAEGER,** | ) | |
| **OFFICER JEREMY BRADY,** | ) | |
| **OFFICER MICHAEL TONG, and** | ) | |
| **OFFICER CHRISTOPHER TODARO,** | ) | |
| **of the Metropolitan Police Department,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## ORDER
March 12, 2025 [Dkt. ##47, 54]

For the reasons set forth in the Memorandum Opinion accompanying this Order, it

is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Dkt. #47] is

**GRANTED**.  It is further

**ORDERED** that Defendants' Motion for Summary Judgment [Dkt. #54] is **DENIED**.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JARED FISHMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Case No. 21-1847 (RJL) |
| | ) | |
| THE DISTRICT OF COLUMBIA, and | ) | |
| LIEUTENANT PATRICK LOFTUS, | ) | |
| OFFICER MARCK JAEGER, | ) | |
| OFFICER JEREMY BRADY, | ) | |
| OFFICER MICHAEL TONG, and | ) | |
| OFFICER CHRISTOPHER TODARO, | ) | |
| of the Metropolitan Police Department, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## MEMORANDUM OPINION
March 12, 2025 [Dkt. ##47, 54]

Before the Court are the parties' motions for summary judgment, which revolve around the question of whether an initially valid *Terry* stop by a bevy of Metropolitan Police Department officers remained lawful during the approximately twenty-five minutes they detained plaintiff in handcuffs. For the reasons that follow, the Court finds it did not and therefore **GRANTS** plaintiff's motion for partial summary judgment and **DENIES** defendants' motion for summary judgment.

## BACKGROUND

Plaintiff Jared Fishman filed his complaint in this case on September 7, 2021, against the District of Columbia (the "District") and multiple Metropolitan Police

Department officers: Lieutenant Patrick Loftus and Officers Marck Jaeger, Jeremy Brady,

Christopher Todaro, and Michael Tong (collectively, "Defendant Officers").  First Am.

Compl. ("Compl.") [Dkt. #18].  Fishman brought eight counts: five § 1983 claims and

three claims under D.C. law.  The Court has dismissed five of Fishman's claims, but

determined that he has sufficiently pled Count III (seizure without reasonable suspicion),

Count IV (arrest without probable cause), and Count VI (false imprisonment).  *See* Mem.

Op. [Dkt. #31] (February 2, 2023).  Defendants filed their answer on April 14, 2023, with

the Defendant Officers asserting qualified immunity.  Answer [Dkt. #38] at 21.

Defendants have moved for summary judgment on all counts.  Plaintiffs have moved for

partial summary judgment as to Officer Todaro.  Both motions are fully briefed and ripe.[1]

## LEGAL STANDARD

The Court must view each motion for summary judgment separately and in the

light most favorable to the non-moving party, then determine whether it can enter

judgment under Rule 56's standard for each party.  *Howard Town Ctr. Dev., LLC v.*

*Howard Univ.*, 267 F. Supp. 3d 229, 236 (D.D.C. 2017).  Under Rule 56, summary

judgment is due "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. Proc. 56(a).

Each movant "bears the initial responsibility of informing the district court of the basis

---

[1] As to defendants' motion, see Defs.' Mem. of P. & A. in Supp. of Their Mot. for Summ. J. ("Defs.' Mot. & Br.") [Dkt. #54]; Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Opp'n") [Dkt. #55]; Defs.' Reply in Supp. of Their Mot. for Summ. J. ("Defs.' Reply") [Dkt. #56].

As to plaintiff's motion, see Mem. of P. & A. in Supp. of Pl.'s Mot. for Partial Summ. J. ("Pl.'s Br.") [Dkt. #47-1]; Def. Officer Christopher Todaro's Opp'n to Pl.'s Mot. for Partial Summ. J. ("Todaro's Opp'n") [Dkt. #50]; Pl.'s Reply in Supp. of Summ. J. ("Pl.'s Reply") [Dkt. #53].

for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to "come forward 'with specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. Proc. 56(e)). If the facts are disputed, the Court must make all justifiable inferences in favor of the non-movant, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), unless the non-movant's version of events is "blatantly contradicted by the record, so that no reasonable jury could believe it," *Scott v. Harris*, 550 U.S. 372, 380 (2007). Of course, if the Court finds no genuine dispute of material fact, it can assess whether a movant is entitled to judgment as a matter of law. If the movant is so entitled, summary judgment will issue. Fed. R. Civ. Proc. 56.

## FINDINGS OF FACT

The Court finds that the following facts are beyond dispute at summary judgment based on the record in this case. *See* Fed. R. Civ. Proc. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Scott v. Harris*, 550 U.S. 372 (2007).

On February 17, 2020, Fishman took his two daughters to the popular Tex-Mex restaurant, Cactus Cantina, in the heart of Northwest Washington, D.C. Compl. ¶ 14; Pl.'s Resp. to Defs.' Statement of Undisputed Material Facts in Supp. of Defs.' Opposed Mot. for Summ. J. ("Pl.'s Resp. to SUMF") [Dkt. #55-1] at 1. Fishman's younger daughter, approximately eight years old, was misbehaving when the three left the

3

restaurant, and she refused to get into her father's car.  Compl. ¶ 15; Pl.'s Resp. to SUMF

¶ 2.  As such, Fishman picked up his child and put her in the car.  Compl. ¶ 17; Pl.'s

Resp. to SUMF ¶ 2.  An apparently concerned civilian knocked on Fishman's window to

ask whether there was a problem.  Compl. ¶ 18.  Indeed, another concerned civilian

witnessing this situation called 9-1-1, reporting the events as a possible abduction of a

child in a green Audi, providing the license plate number and the physical description of

the suspect as a white balding male in his forties.  Pl.'s Resp. to SUMF ¶ 6; Defs.' Mot.

& Br., Ex. 6 ("911 Call Recording") [Dkt. #54-2].  The caller reported, "I don't know if it

was an abduction, or a father manhandling his child in a really bad way . . . ."  Defs.'

Mot. & Br., Ex. 6 at 0:00:10-21.  As such, the 9-1-1 dispatcher put out a call using a code

to indicate a possible kidnapping, providing a description of Fishman, his license plate,

and his home address based on his vehicle registration.  Compl. ¶ 25.

　　　Officer Jaeger was the first responder to arrive at Fishman's home in the

Georgetown section of the city.  He approached Fishman, who was sitting on his front

doorstep.  *See* Defs.' Mot. & Br., Ex. 2 ("Jaeger BWC") [Dkt. #54-2] at 3:40; Compl.

¶ 30.  Fishman confirmed that he drove an Audi and had just returned home.  Jaeger

BWC 3:40-50; Compl. ¶¶ 33–36.  Fishman—realizing that someone near Cactus Cantina

must have called the police, Pl.'s Resp. to SUMF ¶ 10, Compl. ¶ 37—then exclaimed,

"And that guy that called in has no idea what's going on."  Jaeger BWC 3:50-54; Compl.

¶ 38; Pl.'s Resp. to SUMF ¶ 10.  Officer Jaeger replied, "Maybe you can help me out

with what's going on."  Jaeger BWC 3:54-56; Compl. ¶ 39.  Fishman said, "hold on one

sec," rose, and stepped inside his house.  Compl. ¶ 40.  Officer Jaeger told him not to go

4

inside. Compl. ¶¶ 41–42; Jaeger BWC 3:57–4:00. Fishman entered his home anyway, and Officer Jaeger seized him, bringing him back outside. Compl. ¶¶ 44–48; Jaeger BWC 4:00-10; Pl.'s Resp. to SUMF ¶ 12.[2]

Jaeger began to handcuff Fishman when Defendant Officers Brady, Tong, and Todaro arrived. Pl.'s Resp. to SUMF ¶ 12. Fishman repeatedly yelled, "I am not doing anything," and "You do not have the right to enter my house," as officers placed him in handcuffs. Jaeger BWC 4:05-31. During this commotion, Fishman's two daughters came outside onto the stoop. Compl. ¶¶ 49–52; Pl.'s Resp. to SUMF ¶ 13. The older daughter exclaimed, "[I]t is my sister, she was misbehaving." Compl. ¶ 51; Jaeger BWC 4:17-21; Pl.'s Resp. to SUMF ¶ 14. The younger daughter then said, "He hasn't done anything wrong," and professed, "It's my fault." Defs.' Mot. & Br., Ex. 5 ("Brady BWC") [Dkt. #54-2] at 3:35-52. Unfortunately, this inquiry did not end with the younger daughter's confession. Instead, Officer Tong then walked Fishman, now in handcuffs, to the end of block and out of sight as a "best practice" to remove him from the situation. Defs.' Mot. & Br., Ex. 9 ("Tong Dep.") [Dkt. #54-3] at 38–39. Officer Brady remained on Fishman's front steps to speak with Fishman's wife (Fiona Macaulay) and the two children. Pl.'s Resp. to SUMF ¶ 16; Brady BWC 3:35ff.

Body-worn camera footage paints a clear picture of the events just described and what transpired throughout the rest of Fishman's detention: Less than one minute after

---

[2] The parties dispute whether Plaintiff had crossed the threshold to enter his home when Officer Jaeger told him not to enter. However, because the officer's initial seizure of Fishman is not at issue on summary judgment, this is not material.

Fishman is moved down the block, Officer Brady asks the younger daughter for her name and introduces himself. The mother Macaulay, however, asks that her younger daughter be permitted to drink some water before they continue talking. Brady BWC 4:21-41. Over the next five-and-a-half minutes, Macaulay and her older daughter try to explain the situation to, and calm down, the younger daughter until Macaulay settles both children inside so that she can speak with Officer Brady on the front steps. Brady BWC 4:42–10:12. Macaulay and the older daughter confirmed "that the girl whom the witness had observed being placed in the car was Plaintiff's younger daughter." Pl.'s Resp. to SUMF ¶ 18. For the next three minutes, Officer Brady answered Macaulay's questions, explaining that he needs to interview everyone and that he cannot bring Fishman back to the house at that time. Brady BWC 10:13–13:36. Twelve minutes after the stop began, Officer Brady obtains Macaulay's name and information, the children's information, and learns that Fishman is indeed the children's biological father. Brady BWC 13:37–15:10.

Next, Officer Brady spends three minutes explaining to Macaulay more about what is happening, asking her what she knows about the incident, and answering more questions. Brady BWC 15:11–18:33. Officer Brady—specifying that Macaulay can be present—asks Macaulay if he can talk to the younger daughter, and she replies, "absolutely not." Brady BWC 18:33-37. Officer Brady then spends over four-and-a-half minutes answering more questions from Macaulay and explaining that he "need[s]" to hear from her younger daughter what happened and whether she has been harmed. Brady BWC 18:38–23:15. Then, between 21 and 22 minutes after the stop began, Officer Brady finally begins questioning the younger daughter. Brady BWC 24:15. Officer

6

Brady speaks with the younger daughter for over three minutes. Brady BWC 24:15–27:38. The younger daughter "told Officer Brady that she had fought with her older sister, ran from the car, and was picked up by her father. She stated that she was not hurt and that her father had picked her up gently." Pl.'s Resp. to SUMF ¶ 21 (citation omitted). In total, it took over 24 minutes for an officer to interview the younger daughter and hear directly from her that she had not been harmed. Brady BWC 3:00–27:38.

While Officer Brady was trying to speak with the younger daughter, Sergeant Adam Bray and Lieutenant Loftus arrived on scene as the ranking investigating officers. *See* Pl.'s Resp. to SUMF ¶¶ 23–24. "After briefly conferring with Lieutenant Loftus, Sergeant Bray walked over to where [Fishman] was being held and began speaking with him." Pl.'s Resp. to SUMF ¶ 25. "Without prompting, Plaintiff stated that his family was likely reluctant to speak with officers because [he] is a United States Department of Justice (DOJ) civil rights attorney and 'I prosecute police officers who violate the Constitution as a job.'" Pl.'s Resp. to SUMF ¶ 28. He continued, "My family doesn't trust police and so that is probably why she doesn't want to speak. I did not kidnap anyone. The girl I put in my car is my child.'" Pl.'s Resp. to SUMF ¶ 28. Sergeant Bray explained the nature of the 9-1-1 call and had Fishman released from his handcuffs. Pl.'s Resp. to SUMF ¶¶ 29. This occurred about one minute after Officer Brady concluded his interview of Fishman's younger daughter. *See* Brady BWC 28:51.

In total, Fishman was detained for approximately 25 minutes and held in handcuffs for almost that entire time. *See* Pl.'s Resp. to SUMF ¶ 32. After Fishman

7

returned to his home from the end of the block, Lieutenant Loftus concluded that the

officers were finished and would write a report as one checking on the welfare of a

juvenile. Defs.' Mot. & Br., Ex. 4 ("Bray BWC") [Dkt. #54-2] at 13:38-46.

## DISCUSSION

Finding no genuine dispute as to any material facts, the Court evaluates whether

plaintiff and defendants, respectively, have made a showing that they are entitled to

judgment as a matter of law. Fed. R. Civ. Proc. 56(a). First, a brief discussion of how

the law governs the three claims at issue on summary judgment.

## I.    Claims Under 42 U.S.C. § 1983

Plaintiff brings two claims (Counts III & IV) under 42 U.S.C. § 1983, which

requires showing that a defendant deprived him of a right protected by federal law or the

Constitution and that the defendant was acting under the color of state law. *Miller v.

Marriott Int'l LLC*, 378 F. Supp. 3d 1, 9 (D.D.C. 2019), *aff'd*, 2019 WL 6492628 (D.C.

Cir. Nov. 15, 2019). Here, plaintiff alleges constitutional violations against proper

§ 1983 defendants—the Defendant Officers in their official capacity and the District.

Officers may be sued under § 1983 in their official capacity, *see Pollard v. District of

Columbia*, 191 F. Supp. 3d 58, 67 (D.D.C. 2016), *aff'd*, 698 F. App'x 616 (D.C. Cir.

2017), as can the District, *see Barnhardt v. District of Columbia*, 560 F. Supp. 2d 15, 17

(D.D.C. 2008). The District, however, is only liable under § 1983 where an official

policy both causes plaintiff's deprivation of a constitutional right and is the "moving

force of the constitutional violation." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694

(1978); *see Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986);

8

*Barnhardt*, 560 F. Supp. 2d at 18.

"The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff's alleged constitutional deprivations are that his detention in handcuffs for over twenty minutes constituted (1) an unconstitutional investigative stop without the necessary reasonable suspicion and (2) an unconstitutional arrest without probable cause.

While the Fourth Amendment protects against *unwarranted* search and seizure, police officers "can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). This is known as an investigative stop or a *Terry* stop, and its reasonable suspicion standard is a "less demanding standard than probable cause." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). To have reasonable suspicion, an officer, considering "the totality of the circumstances," must have "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417–18 (1981); *see also United States v. Edmonds*, 240 F.3d 55, 59 (D.C. Cir. 2001).

There is no firm line as to how long a *Terry* stop can last. *See United States v. Montoya-Hernandez*, 473 U.S. 531, 542–43 (1985); *United States v. Sharpe*, 470 U.S. 675, 685–86 (1985). Investigative stops, however, must be "sufficiently limited in scope and duration." *Florida v. Royer*, 460 U.S. 491, 500 (1983) (plurality opinion). While "[t]he point at which an investigative stop becomes an arrest is not marked with a bright

9

line," "a stop that is unduly prolonged or intrusive transforms from an investigative stop

into an arrest requiring probable cause." *Hall v. District of Columbia*, 867 F.3d 138, 153

(D.C. Cir. 2017). Accordingly, an investigative stop "must (1) 'last no longer than is

necessary to effectuate the purpose of a stop' and (2) employ 'the least intrusive means

reasonably available to verify or dispel the officer's suspicion.'" *United States v. Smith*,

373 F. Supp. 3d 223, 238 (D.D.C. 2019) (quoting *Royer*, 460 U.S. at 500).

     If an investigatory stop becomes an arrest, an officer must have probable cause.

*See District of Columbia v. Wesby*, 583 U.S. 48, 56 (2018). As explained, this

transformation from investigatory stop to formal arrest occurs when a stop "is unduly

prolonged or intrusive." *Hall*, 867 F.3d at 153. "Probable cause is more than bare

suspicion but less than beyond a reasonable doubt and, indeed, is less than a

preponderance of the evidence." *United States v. Burnett*, 827 F.3d 1108, 1114 (D.C.

Cir. 2016). "Probable cause exists where the arresting officer has facts and

circumstances within his or her knowledge that would lead a reasonable person to believe

that an offense has been or is being committed." *United States v. Gorrell*, 360

F. Supp. 2d 48, 52 (D.D.C. 2004). This standard is an objective inquiry, *Lin v. District of

Columbia*, 47 F.4th 828, 840 (D.C. Cir. 2022), that considers the totality of the

circumstances and requires "only a probability or substantial chance of criminal activity,

not an actual showing of such activity," *Wesby*, 583 U.S. at 57 (quoting *Illinois v. Gates*,

462 U.S. 213, 243 n.13 (1983)).

     To prevail in their summary judgment motion as to Count III, the Defendant

Officers must show that their initially valid *Terry* stop of Fishman remained lawful for

10

Fishman's entire detention.[3]  In other words, they must show that: (1) officers "had a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,'" *Sokolow*, 490 U.S. at 7 (quoting *Terry*, 392 U.S. at 30); and (2) officers' twenty-five minute detention of Fishman in handcuffs lasted only as long as necessary to effectuate its purposes via "the least intrusive means reasonably available to verify or dispel the officer[s'] suspicion," *Smith*, 373 F. Supp. 3d at 238 (quoting *Royer*, 460 U.S. at 500).

Considering the totality of the circumstances, the material, undisputed facts in this "particular situation," *Sharpe*, 470 U.S. at 686 (quoting *Place*, 462 U.S. at 709 n.10), are that: (1) officers responded to a potential kidnapping with reports of the "manhandling" of a child; (2) Fishman was identified as a suspect; (3) Fishman ignored an officer's demands that he remain outside and walked away from the officer into his home; (4) the officers pulled Fishman back outside and placed him in handcuffs; (5) while officers restrained Fishman, Fishman's wife and two daughters came outside, and his daughters pleaded with the officers to stop, with the older one explaining that the younger one was at fault for the reported incident by misbehaving and the younger daughter acknowledging that she was in the wrong; (6) some officers remained at Fishman's front step to speak with Fishman's wife and daughters, while other officers held Fishman in handcuffs down the block; and (7) in total, officers held Fishman in handcuffs for around

---

[3] To be clear, the Court is addressing only the *Defendant Officers'* summary judgment claims. The District, of course, is also a Defendant who moved for summary judgment on all counts. Under *Monell*, the standard for liability is different for the District than for the Defendant Officers' themselves. The District, however, did not brief or explain why it is due summary judgment under *Monell*, so it has waived those arguments on summary judgment.

twenty-five minutes.

With these material facts and the totality of the circumstances in mind, the Court cannot find that defendants are entitled to judgment as a matter of law because the Defendant Officers have not shown that they had and maintained reasonable suspicion that Fishman had kidnapped anyone for the full period they detained him. *See Smith*, 373 F. Supp. 3d at 238. Indeed, reasonable suspicion ended when the officers learned that plaintiff was the father and that the younger daughter was acting up and at fault. *See Weaver v. Hanna*, 122 F. Supp. 2d 1, 4 (D.D.C. 2000) (demonstrating that reasonable suspicion ends in the investigation of a kidnapping when a parent's identity is determined).

Fishman's wife and both daughters were present as officers placed Fishman in handcuffs. Officers quickly learned from the family that the younger daughter had been misbehaving and could see for themselves that both girls were not only present but did not appear to have been physically harmed. Further, the Defendant Officers have not shown that their detention of Fishman lasted only as long as necessary or that holding Fishman in handcuffs for over twenty minutes at the end of the block was "the least intrusive means reasonably available to verify or dispel" their suspicions of criminal activity. Therefore, the Court cannot award the Defendant Officers summary judgment on Count III. Since probable cause is a higher standard than reasonable suspicion, it necessarily follows that the Court cannot award the Defendant Officers summary

judgment on Count IV either.[4]

On the other hand, plaintiff has shown that Officer Todaro lacked the necessary justification to hold Fishman in handcuffs for approximately twenty-five minutes for the reasons just described. Officer Todaro arrived second on the scene and helped detain Fishman in handcuffs. *See* Defs.' Resp. to Pl.'s SUMF [Dkt. #50-1] ¶¶ 4–5. Officer Todaro remained on the front steps and spoke with Macaulay and the couple's two daughters. Officer Todaro heard from them that the younger daughter was misbehaving and that Fishman "did not take" the younger daughter. Defs.' Resp. to Pl.'s SUMF ¶¶ 7–8, 12–13, 15–16. Todaro admitted in his deposition that he had no reason to believe the girls were lying. Pl.'s Br., Ex. B. [Dkt. 47-4] at 33:14-17. Therefore, after these first couple minutes, Officer Todaro believed that Fishman and Macaulay were the girls' father and mother. *See* Pl.'s Br., Ex. B. 37:3-9. At that point, as explained *supra*, there was no reasonable suspicion of a kidnapping. *See Weaver*, 122 F. Supp. 2d at 4. Accordingly, plaintiff has proven that Officer Todaro's continued detention of him was unconstitutional because the officer lacked the reasonable suspicion necessary to hold him under *Terry*. It follows, of course, that Officer Todaro thus also lacked probable cause to hold plaintiff. Plaintiff is thus entitled to summary judgment as a matter of law on Counts III and IV against Officer Todaro.

## II.    False Imprisonment

False imprisonment claims are "indistinguishable as a practical matter" from false

---

[4] Regarding the District's summary judgment claims on Counts III and IV, see *supra* note 3.

13

arrest claims. *Enders v. District of Columbia*, 4 A.3d 457, 461 (D.C. 2010). The elements of both claims are "(1) detention or restraint against one's will within boundaries fixed by the defendant, and (2) the unlawfulness of such restraint." *Harris v. U.S. Dep't of Veterans Affs.*, 776 F.3d 907, 911–12 (D.C. Cir. 2015). Indeed, "the central issue is whether the arresting officer was justified in ordering the arrest of the plaintiff." *Bradshaw v. District of Columbia*, 43 A.3d 318, 323 (D.C. 2012) (quoting *Scott v. District of Columbia*, 493 A.2d 319, 321 (D.C. 1985)). To defeat a false imprisonment claim, an officer can "demonstrate that (1) he or she believed, in good faith, that his [or her] conduct was lawful, and (2) this belief was reasonable." *Sherrod v. McHugh*, 334 F. Supp. 3d 219, 256 (D.D.C. 2018) (quoting *District of Columbia v. Murphy*, 631 A.2d 34, 36 (D.C. 1993)).

Defendants have not shown that they are entitled to judgment as a matter of law as to plaintiff's false imprisonment claim. As explained, false imprisonment claims are "indistinguishable as a practical matter" from false arrest claims. *Enders*, 4 A.3d at 461 (D.C. 2010). Because defendants clearly have not demonstrated the lawfulness of their arrest of Fishman lasting over 20 minutes, they cannot succeed on defeating Fishman's false imprisonment claim at summary judgment. *See Sherrod*, 334 F. Supp. 3d at 256.

Plaintiff, however, has successfully shown at this stage that Officer Todaro falsely imprisoned him. Todaro's detention of Fishman was unlawful because it was neither a lawful continued investigative stop nor a lawful arrest. Therefore, there is no question or genuine dispute of material fact that Officer Todaro was responsible for detaining Fishman against his will without a lawful purpose. *Sherrod*, 334 F. Supp. 3d at 256.

14

Accordingly, plaintiff merits judgment against Officer Todaro on this claim.

## III.    Qualified Immunity

All defendants assert qualified immunity.  "[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Courts undergo a two-step process for evaluating qualified immunity claims, and they possess "discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first."  *Pearson*, 555 U.S. at 236.  The first prong considers whether plaintiff's alleged facts demonstrate that the officer's conduct violated a constitutional right.  *Id.* at 232.  The second prong asks whether that right was clearly established.  *Id.*

A right is clearly established if in that case's specific context, *Lash v. Lemke*, 786 F.3d 1, 5 (D.C. Cir. 2015), its "contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it."  *Plumhoff v. Richard*, 572 U.S. 765, 779 (2014).  Further, "the right allegedly violated must be established, 'not as a broad general proposition,' but in a 'particularized' sense so that the 'contours' of the right are clear to a reasonable official."  *Reichle v. Howards*, 566 U.S. 658, 665 (2012) (first quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam); then quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  In this assessment, our Court looks to cases from the Supreme Court, our Circuit, and other courts if they exhibit a consensus view.  *Lash*, 786 F.3d at 7.

15

For the following reasons, I have concluded that defendants cannot avail themselves of qualified immunity.  In assessing qualified immunity, I must consider two questions: (1) whether "the facts alleged show the officer's conduct violated a constitutional right"; and (2) "whether the right was clearly established." *Saucier*, 533 U.S. at 201.  Therefore, if defendants wish to avail themselves of qualified immunity, they cannot have violated a constitutional right that is clearly established.  *See id.* Unfortunately for defendants, they violated Fishman's Fourth Amendment right to be free from unreasonable restraint and seizure.  The only question remaining is whether the right at issue is clearly established.

Admittedly, I am unaware of a case with parallel facts to this one.  Fortunately, however, "a case directly on point" is *not* required.  *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).  Instead, "existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix*, 577 U.S. at 12 (quoting *al-Kidd*, 563 U.S. at 741).  And here, existing precedent clearly places the question beyond debate whether officers need to be able to articulate *a single reason* to hold an individual in handcuffs for over twenty minutes under either a reasonable suspicion or probable cause standard.  It's a requirement baked into the standards themselves, with reasonable suspicion requiring "articulable facts," *Sokolow*, 490 U.S. at 7, and probable cause requiring "facts and circumstances within [one's] knowledge," *Gorrell*, 360 F. Supp. 2d at 52.  The record in this case shows not one reason!  Qualified immunity does not entitle an officer to exercise unreasonable caution that leads to unlawful detention where "any reasonable official in the defendant's

16

shoes would have understood that he was violating" a right. Any reasonable officer

knows that it requires at least one articulable fact or reason to hold someone in handcuffs

for twenty minutes. Therefore, defendants do not have qualified immunity in this case.

### CONCLUSION

For these reasons, I **GRANT** plaintiff's motion for partial summary judgment and

**DENY** defendants' motion for summary judgment.


RICHARD J. LEON
United States District Judge